Laura E. Devane, Bar No. 314064
ldevane@littler.com
Carolyn G. Hudson, Bar No. 334842
chudson@littler.com
LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
Telephone:    559.244.7500
Facsimile:    559.244.7525

Attorneys for Defendant
CENTENE MANAGEMENT COMPANY, LLC
(ERRONEOUSLY SUED AS "CENTENE
CORPORATION")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONITA JOHNSON,<br><br>                    Plaintiff,<br><br>        v.<br><br>CENTENE CORPORATION; and DOES 1 through 20, inclusive,<br><br>                    Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>Trial Date:      None Set<br>Contra Costa County Superior Court<br>Case No. C26-00117<br>Complaint Filed: January 12, 2026 |

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
559.244.7500

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF BONITA JOHNSON:**

1.      Defendant Centene Management Company, LLC (erroneously sued as "Centene Corporation") ("Centene" or "Defendant")[1] hereby files this Notice of Removal in accordance with 28 U.S.C. §§ 1332, 1441, and 1446, and removes this action from the Superior Court for the State of California, in and for the County of Contra Costa, to the United States District Court for the Northern District of California. A true and correct copy of this notice will be filed contemporaneously with the Clerk of the Superior Court for the State of California, in the County of Contra Costa, and notice of removal will be provided to the Plaintiff in accordance with 28 U.S.C. § 1446(d). As grounds for removal, Centene states as follows:

**I.  STATEMENT OF JURISDICTION**

2.      This Court has original jurisdiction over this action under the diversity of citizenship statute. *See* 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states (in which neither plaintiff nor any properly-named defendant are citizens of the same state). As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice. *See* 28 U.S.C. § 1332, 1441, and 1446.

**II.  VENUE**

3.      Plaintiff Bonita Johnson ("Plaintiff") originally brought this action in the Superior Court of California for the County of Contra Costa. Therefore, venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1441, and 1446.

**III.  PLEADINGS, PROCESS, AND ORDERS (STATE COURT)**

4.      On January 12, 2026, Plaintiff filed a lawsuit in the Superior Court for the State of California, in and for the County of Contra Costa, entitled *Bonita Johnson v. Centene Corporation; and*

---

[1] Centene Management Company, LLC is the proper defendant here as that is the entity that employed Plaintiff and it is the entity to which Plaintiff was assigned to provide services. Declaration of Tricia Dinkelman ("Dinkelman Decl.") ¶ 2. Centene Corporation is the parent company of Centene Management Company, LLC and has no employees of its own. Accordingly, Plaintiff has named the wrong corporate entity and Centene Management Company, LLC should be substituted as the proper defendant.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
559.244.7500

*DOES 1 through 20, inclusive*, Case C26-00117 (the "Complaint").  Declaration of Carolyn Hudson ("Hudson Decl."), ¶ 2, Exhibit A.

5.      The Complaint alleges the following causes of action:  (1) Discrimination in Violation of the California Fair Employment and Housing Act (the "FEHA"); (2) Retaliation in Violation of the FEHA; (3) Failure to Engage in a Timely Good Faith Interactive Process in Violation of the FEHA; (4) Failure to Provide a Reasonable Accommodation; (5) Violation of Cal. Labor Code § 1102.5; and (6) Violation of Cal. Labor Code § 98.6.

6.      On January 20, 2026, Defendant was served with process of the Complaint and Summons. *See id.*

7.      On February 18, 2026, Centene filed its Answer in Contra Costa County Superior Court and served a copy of the Answer on Plaintiff.

8.      To Centene's knowledge, no further process, pleadings, or orders related to this case have been filed in the Contra Costa County Superior Court or served by any party other than as described above. *See id.* at ¶ 4.  To Centene's knowledge, no proceedings related hereto have been heard in Contra Costa Superior Court.  *See id.* at ¶ 5.

## IV.  INDIVIDUAL AND DOE DEFENDANTS

9.      No individual defendants are named in this action.  Defendant is informed and believes that none of the Doe defendants in this case have been identified or served.  As such, they need not join or consent in this Notice of Removal and are to be disregarded for the purpose of removal.  28 U.S.C. § 1441(b); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

## V.  TIMELINESS OF REMOVAL

10.      Removal of this action is timely because this Notice of Removal has been filed within thirty days of January 20, 2026, when Defendant was served with a copy of the Complaint, Summons, and Civil Case Cover Sheet.  *See* Hudson Decl., ¶ 2, Ex. A; *see also* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(1)(c). Plaintiff served the Summons, Complaint, and Civil Case Cover Sheet via personal service to Defendant's agent for service of process on January 20, 2026.  *See* Hudson Decl., ¶ 2, Ex. A.  Accordingly, the period for removal runs through February 19, 2026.  FRCP 6(a).

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
559.244.7500

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

11.     As referenced above, this Notice of Removal also contains all process, pleadings, and orders that were served on Defendant and reflected on the Contra Costa Superior Court's website.  *See* Hudson Decl., ¶ 2, Ex. A.

12.     Accordingly, this Notice of Removal is timely.  *See* 28 U.S.C. § 1446(b).

## VI.  NOTICE TO PLAINTIFF

13.     As required by 28 U.S.C. § 1446(d), Defendant provided written notice of the filing of this Notice of Removal to Plaintiff.  Hudson Decl., ¶ 7, Ex. D.

## VII.  NOTICE TO THE CONTRA COSTA COUNTY SUPERIOR COURT

14.     Defendant also filed this Notice of Removal with the Clerk of the Contra Costa County Superior Court.  Hudson Decl., ¶ 8, Ex. D.

## VIII.  FACTS AND LAW SUPPORTING DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332

15.     This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332.  In order to remove a case to federal court on diversity grounds, two basic elements must be satisfied:  (1) complete diversity must exist between the parties, *i.e.*, Plaintiff and Defendant must be "citizens" of different states; and (2) the amount in controversy must exceed $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332.  Furthermore, this action is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b).  Specifically, this is a civil action between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interests and costs, as set forth below.

### 1.     Complete Diversity of Citizenship Exists

#### a.   Plaintiff is a Citizen of the State of California

16.     Diversity of citizenship exists so long as no plaintiff is a citizen of the same state as any defendant at the time the action was filed and at the time of removal.  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is prima facie evidence of domicile.  *Marroquin v. Fargo*, 2011 WL 476540, at *3 (S.D. Cal. Feb. 3, 2011); *Smith v. Simmons*, 2008 WL 744709, at *22 (E.D. Cal. March 18, 2008) (place of residence provides "prima facie" case of domicile).

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
559.244.7500

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

17.    At the time Plaintiff commended this action and at the time of removal, Plaintiff was a resident of California.  Plaintiff alleges that she "was at all times relevant to the matters alleged in this complaint an individual with her residence in California."  *See* Hudson Decl., Ex. A., Compl. ¶ 1.  Plaintiff is therefore, by her own admission, a citizen of the State of California.

**b.  Defendant is not a Citizen of the State of California**

18.    For purposes of Section 1332, a limited liability company's citizenship is determined by the citizenship of each member or owner of the company.  *See, e.g., Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").  The citizenship of a limited liability company is determined, for diversity jurisdiction purposes, by examining the citizenship of each member of the limited liability company.  *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990).

19.    Plaintiff erroneously named "Centene Corporate" as the employer defendant in this action.  Plaintiff's proper employer is "Centene Management Company, LLC," which is a Wisconsin limited liability company with its principal place of business in St. Louis, Missouri.  *See* Dinkelman Declaration, ¶ 3.  Centene Management Company, LLC's sole member is Centene Corporation.  *Id*.  Centene Corporation is incorporated under the laws of Delaware and maintains its principal place of business in St. Louis, Missouri.  *Id*.  Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of the state by which it was formed and the state where its principal place of business is located.  Consequently, neither Centene Management Company, LLC nor Centene Corporation is a citizen of California.

**c.  The Citizenship of Doe Defendants Should be Disregarded for Diversity Purposes**

20.    For purposes of removal, the citizenship of defendants sued under fictitious names should be disregarded, and citizenship of only named defendants should be considered.  28 U.S.C. § 1441(b)(1).

21.    Despite Plaintiff's assertion that she is suing several persons in their individual or other capacity, only Cetene Corporation and Does 1 through 20 are named as party defendants in this matter.  *See* Hudson Decl., Ex. A, Compl. ¶ 3.  To date, Plaintiff has made no attempt to amend her Complaint to add these alleged individual or other defendants as parties, nor is Defendant aware of any attempts to serve these individuals with the Summons and Complaint.  Consequently, only Centene Management Company, LLC (erroneously sued as "Centene Corporation) and Does 1 through 25 are the relevant party defendants

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
559.244.7500

5

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

for purposes of establishing diversity jurisdiction. *See Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (diversity is determined by citizenship of parties as of filing of the original complaint).

22.     Defendants Does 1 through 25 are fictitious. Pursuant to § 1441(b)(1), the citizenship of these fictitious defendants cannot destroy the diversity of citizenship between the parties and should be disregarded. *Newcombe*, 157 F.3d at 690 (the district court was correct in only considering the citizenship of *named* defendants).

### 2.     The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs

23.     Defendant need only show by a preponderance of evidence that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). Further, the United States Supreme Court has held that under 28 U.S.C. § 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). The Court held that this language tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.* at 84, 87. Defendant need only plausibly allege that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* ("[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the Court."). Here, the Court can reasonably ascertain from the Complaint and its Prayer for Relief that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy.") (Internal citations and quotations omitted).

24.     In her Complaint, Plaintiff alleges various claims of discrimination, retaliation, failure to accommodate, failure to engage in a timely good faith interactive process, whistleblower retaliation, and wrongful discharge. *See* Hudson Decl., Ex. A, Compl. ¶¶ 18-77. Plaintiff seeks compensatory and general damages, statutory penalties, punitive damages, and attorneys' fees. *Id.* at p. 7 (Prayer for Relief). Further, Plaintiff filed this lawsuit as an unlimited civil case with an amount demanded exceeding $35,000. *See*

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
559.244.7500

6

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

Hudson Decl., Ex. A.

25.    For purposes of determining whether the minimum amount in controversy has been met, the Court must presume that Plaintiff will prevail on each and every one of her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  The ultimate inquiry is the amount the Plaintiff puts "in controversy," not how much, if anything, Defendant will actually owe. *Rippee v. Boston Mtk. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *see also Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the complaint).

26.    Defendant wholly denies that Plaintiff is entitled to any damages in this case.  However, when the relief sought by Plaintiff in her Complaint is taken as a whole, the amount in controversy, even using conservative estimates, more likely than not exceeds the $75,000.00 jurisdictional requirement, exclusive of interest and costs.

### a.  Economic Damages

27.    Plaintiff seeks recovery of economic losses, alleging that as a result of Defendant's conduct, she sustained compensatory damages, including "loss in earnings and other employment benefits."  *See* Hudson Decl., ¶ 2, Ex. A, Compl. ¶¶ 26, 32, 37, and 75.  At the time of Plaintiff's termination, she was a full-time employee earning $72,000 per year. *Id.*, Compl. ¶ 8.  If Plaintiff were to recover back wages from June 27, 2023, when her employment with Defendant ended, to the present, she could potentially recover back wages totally approximately **$191,077.56** ($1,384.62 per week * 138 weeks).  Moreover, if this case proceeds to trial in January 2027 – one year after Defendant was served – and Plaintiff remains unemployed, she would be seeking a total of about 190 weeks of lost wages, or approximately **$263,077.80** ($1,384.62 per week * 190 weeks). *See Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (future wages are at stake in litigation if "plaintiff claims at the time of removal that her termination caused her to lose future wages, and if the law entitles her to recoup those future wages" she could prevail); *see also Stainbrook v. Target Corp.*, 2016 WL 3248665 , at *10 (C.D. Cal. June 8, 2016) (calculating plaintiff's lost wages from time of termination through time of trial, using "hypothetical trial date" one year after removal); *James v. Childtime Childcare, Inc.*, 2007 WL 1589543,

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
559.244.7500

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

at *4 n.1 (E.D. Cal. June 1, 2007) (affirming that the court should consider both past and future wages after the time of removal).  Accordingly, wages alone account for the threshold amount for diversity jurisdiction.

### b.  Non-Economic Damages

28.    The potential for emotional distress damages is also properly considered in the amount in controversy.  *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Plata v. Target Corp.*, 2016 WL 6237798, at *3 (C.D. Cal. Oct. 25, 2016) ("Emotional distress damages are properly considered in the amount in controversy for jurisdiction purposes.").  Plaintiff alleges that, as a result of Defendant's alleged unlawful conduct, she has suffered and will continue to suffer non-economic damages, including but not limited to "humiliation, emotional distress and mental pain and anguish."  *See* Hudson Decl., ¶ 2, Ex. A, Compl. ¶¶ 21, 27, 33, 38, and 76.

29.    Plaintiff's potential recovery of such damages further augments the foregoing amount and demonstrates that the jurisdictional prerequisite for removal of this action is met.  *See Plata*, 2016 WL 6237798, at *3.  In determining the amount in controversy, the Court may consider damages awards in similar cases.  *Kroske*, 432 F.3d at 980.  Defendant denies that Plaintiff is entitled to any emotional distress damages in this case.  However, emotional distress awards in discrimination cases can be substantial.  *See Velez v. Roche*, 335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence … that the plaintiff suffered heightened mental anguish"); *Ko v. The Square Grp. LLC*, JVR No. 1503030036, 2014 WL 8108413 (Cal. Sup. Ct. 2014) (awarding $125,000 for pain and suffering in a FEHA disability discrimination and failure to accommodate case); *Simmons v. PCR Tech.*, 209 F. Supp. 2d. 1029, 1034 (N.D. Cal. 2002) (noting potential for "substantial" emotional distress damages in employment discrimination cases); *Olvera v. Sangha Dhindsa Foods, Inc.*, JVR No. 1611300020, 2016 WL 7034155 (Cal. Sup. Ct. 2016) (plaintiff awarded $116,400 in damages for pain and suffering in discrimination and retaliation case); *Sanchez v. California Dep't of Corr.*, Case No. 1:12-cv-01835-SAB, 2015 WL 3849673 (E.D. Cal. June 11, 2015) (jury returning verdict for $550,000 in compensatory damages on plaintiff's discrimination and retaliation claims).

30.    In *Kroske*, the Ninth Circuit found that the district court's conclusion that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" was not clearly erroneous, where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." 432 F.3d at 980. Based on the conservative estimate from *Kroske*, Plaintiff's potential recovery of emotional distress damages could add at least **$25,000** to the amount in controversy.

### c.    Punitive Damages

31.    Plaintiff also seeks punitive damages which may be included in the amount in controversy. *See* Hudson Decl., Ex. A, Compl. ¶ 77, p. 7 (Prayer for Relief); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945-46 (9th Cir. 2001), *superseded by statute on other grounds as stated in Berry v. Am. Express Publ'g Corp.,* 381 F.Supp.2d 1118 (C.D. Cal. 2005). According to the U.S. Supreme Court, punitive damages can be up to four times higher than the amount of compensatory damages. *See State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). Employment discrimination cases have the potential for large punitive damages awards. *See Simmons*, 209 F.Supp.2d at 1033 (N.D. Cal. 2002) (observing punitive damages awards exceeding $1,000,000 in employment cases).

32.    Defendant denies that Plaintiff is entitled to any punitive damages in this case. However, punitive damage awards in discrimination cases may be significant. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of the defendant's misdeeds, the ratio between compensatory and punitive damages, and the ratio between damages and the defendant's net worth. *See Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994); *see also Stainbrook*, 2016 WL 3248665, at *11-12 (C.D. Cal. June 8, 2016) (punitive and emotional distress damages alone could exceed $75,000 because punitive damages are often calculated as a multiplier of compensatory damages). Awards of four times the amount of compensatory damages have been found to comport with due process and, absent other factors, are otherwise affirmed. *State Farm Mut. Auto. Ins.*, 538 U.S. at 424-25.

33.    Using a conservative estimate of punitive damages equal to twice Plaintiff's emotional distress damages, the punitive damages in this case add an additional **$50,000** to the amount in

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
559.244.7500

controversy.

### d. Attorneys' Fees

34.    Plaintiff seeks attorneys' fees as well, which may be included in the amount in controversy calculation for purposes of determining whether the requisite jurisdictional minimum is met. *Kroske*, 432 F.3d at 980; *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

35.    "Recent estimates for the number of hours expended through trial for employment cases in this district have ranged from 100 to 300 hours.  Therefore, 100 hours is an appropriate and conservative estimate.  Accordingly, attorneys' fees in [an employment discrimination case] may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour)." *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *12 (C.D. Cal. Mar. 3, 2015) (citations omitted).  Attorneys' fees much larger than that are regularly upheld in FEHA cases. *See, e.g.*, *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470 (9th Cir. 1995) (affirming award of $724,380 in attorneys' fees in FEHA case).  Defendant denies that Plaintiff is entitled to any attorneys' fees in this case.  However, attorneys' fees in discrimination cases may be significant.  Any estimate of attorneys' fees includes fees over the life of the case, not just the fees incurred at the time of removal. *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met").  As such, while Plaintiff's attorney's fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons*, 209 F.Supp.2d at 1035 (noting that "attorneys' fees in individual discrimination cases often exceed the damages").

36.    Using the conservative estimate of attorneys' fees from *Sasso*, potential attorneys' fees in this case add at least an additional **$30,000.00** to the amount in controversy.

### Summary of Amount in Controversy

37.    Defendant wholly denies that Plaintiff is entitled to any damages in this case.  However, when the relief available to Plaintiff is taken as a whole, the amount in controversy, using conservative estimates, for Plaintiff's claims more likely than not exceeds the $75,000 jurisdictional requirement,

10

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

exclusive of interest and costs.

| Wages Damages to Date | $263,077.80 |
|---|---|
| Emotional Distress Damages | $25,000.00 |
| Punitive Damages | $50,000.00 |
| Attorneys' Fees | $30,000.00 |
| **Total Amount in Controversy** | **$368,077.80** |

38.     Plaintiff therefore specifically alleges damages in excess of the jurisdictional amount of $75,000.  Without admitting liability or that Plaintiff is entitled to any damages, Defendant states that there is a reasonable probability that Plaintiff's damages in this case exceed $75,000, as required by 28 U.S.C. § 1332(a).  *See Dart Cherokee*, 574 U.S. 81, 89 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

**I.      CONCLUSION**

39.     WHEREFORE, Defendant prays that the above-referenced action now pending against it in the Superior Court of California, County of Contra Costa, be removed therefrom to this Court.

Dated:  February 19, 2026

LITTLER MENDELSON, P.C.

*/s/ Carolyn G. Hudson*

Laura E. Devane
Carolyn G. Hudson

Attorneys for Defendant
CENTENE MANAGEMENT COMPANY, LLC
(ERRONEOUSLY SUED AS "CENTENE
CORPORATION")

4907-9974-3626.1 / 108840.1097

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
559.244.7500

11

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT